UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:23-cv-23453

RAMESH MADHUSUDAN, an individual,

    Plaintiff,

v.

JAMES GERVASI, an individual,

    Defendant.

_____/

**DEFENDANT JAMES GERVASI'S MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant James Gervasi ("**Mr. Gervasi**") by and through his undersigned counsel, and pursuant to Rule 7 of the Federal Rules of Civil Procedure ("**Rule(s)**") and Southern District of Florida Local Rule 7.1, hereby files this Motion to Dismiss Complaint and Incorporated Memorandum of Law ("**Motion**"), pursuant to Rule 12(b)(6). In furtherance of the same, Mr. Gervasi respectfully states as follows:

**I.     INTRODUCTION**

Mr. Gervasi requests dismissal of the Plaintiff Ramesh Madhusudan's ("**Madhusudan**" or "**Plaintiff**") Complaint (Docket Entry ("**D.E.**") 1-1), which seeks millions of dollars in damages for alleged defamation, defamation *per se*, and implied defamation. *See generally* D.E. 1-1. On August 11, 2023, Plaintiff filed his Complaint against Mr. Gervasi in the 11th Judicial Circuit in and for Miami-Dade County Florida (the "**State Court Action**"). Mr. Gervasi timely removed the State Court Action to this Court on September 8, 2023. Prior to Plaintiff initiating

the State Court Action, Mr. Gervasi filed a Financial Industry Regulatory Association ("**FINRA**") arbitration ("**Arbitration**") against Madhusudan on April 18, 2023, "to recover damages caused by the breach of fiduciary duty, negligence, misrepresentations, omissions, overconcentration and unsuitable investment advice that wholly disregarded Mr. Gervasi's risk tolerance and investment objectives, as well as lack of supervision, breach of contract and breach of industry rules and standards by [] Madhusudan and his investment advisory firm."  The statement of claim filed in the FINRA Arbitration is attached hereto as "Exhibit A."  This matter is clearly an act of retaliation against Mr. Gervasi for filing the FINRA Arbitration.  For the reasons set forth in detail below, the allegations in the Complaint fail to state a claim for defamation, defamation *per se*, or implied defamation against Mr. Gervasi as a matter of law.  As such, the Complaint should be dismissed against Mr. Gervasi in its entirety.

## II.   ARGUMENT

### A. Legal Standard

When deciding a Rule 12(b)(6) motion to dismiss, a Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *see also Christopher v. Harbury*, 536 U.S. 403, 406, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).  The Rules require a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Manicini Enterprises, Inc. v. Am. Exp. Co.*, 236 F.R.D. 695, 697 (S.D. Fla. 2006) (quoting *Conley v. Gibson*, 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *see also Bell South Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S.Ct. 1967, 161 L.Ed.2d 577.

"To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a **right to relief**, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (emphasis added) (citing *Twombly*, 550 U.S. at 555–56); s*ee also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## B. Plaintiff Failed to State a Cause of Action Against Mr. Gervasi for Defamation

Defamation, pursuant to Florida law, has five (5) elements: "(1) publication; (2) falsity; (3) the statement was made with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement <u>must</u> be <u>defamatory</u>." *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018) (citing *Jews for Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1106 (Fla. 2008) (emphasis added). In a defamation case, "a plaintiff 'must [also] allege certain facts such as the identity of the speaker, a description of the statement, and provide a time frame within which the publication occurred.'" *Five for Ent. S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1328 (S.D. Fla. 2012) (quoting *Morrison v. Morgan Stanley Props.*, No. 06–80751, 2008 WL 1771871, at *10 (S.D.Fla. Apr. 15, 2008)) (internal quotation omitted).

### 1. Plaintiff Failed to Sufficiently Allege Publication

"Because the publication of a statement is a necessary element in a defamation action, only one who publishes can be subject to this form of tort liability." *Doe v. Am. Online, Inc.*, 783

So. 2d 1010, 1017 (Fla. 2001). Publication requires that the statement be "communicated to a third person." *Am. Airlines, Inc. v. Geddes*, 960 So. 2d 830, 833 (Fla. 3d DCA 2007); *Tyler v. Garris*, 292 So. 2d 427, 429 (Fla. 4th DCA 1974) ("the defamatory matter must have been communicated to some third person in order for same to be actionable."). *Zimmerman v. Buttigieg*, 521 F. Supp. 3d 1197, 1212 (M.D. Fla. 2021).

In the instant matter, Plaintiff failed to allege any facts as to how Mr. Gervasi published the alleged defamatory statements. In other words, Plaintiff failed to sufficiently allege that the purported defamatory statements were published to any identifiable third-parties. *See Owner's Adjustment Bureau, Inc. v. Ott*, 402 So. 2d 466, 467 (Fla. 3d DCA 1981) ("Since the interest protected is that of reputation, it is essential to tort liability for either libel or slander that the defamation be communicated to someone other than the person defamed . . . It is not enough that the words are uttered in the presence of others unless they are in fact overheard."). Here, Plaintiff failed to allege any facts to establish that any third parties actually heard the allegedly defamatory statements. *See generally* Complaint.

### 2. Plaintiff Failed to Establish Falsity

True statements, statements that are not readily capable of being proven false, and statements of pure opinion are protected from defamation actions by the First Amendment." *Wells*, 879 F.3d at 1262 (citing *Keller v. Miami Herald Publ'g Co.*, 778 F.2d 711, 714015, 717 (11th Cir. 1985) (applying Florida Law); *Blake v. Giutibelli*, 182 So.3d 881, 884 n.1 (4th DCA 2016) ("Statements of pure opinion are not actionable."). Under Florida law, "a defendant publishes a 'pure opinion' when the defendant makes a comment or opinion based on facts . . . which are otherwise known or available to the reader or listener as a member of the public." *Id.* (quoting *From v. Tallahasee Democrat, Inc.*, 400 So.2d 52, 57 (1st DCA 1981). Whether the statement is one of fact or opinion and whether a statement of fact is susceptible to defamatory

4

interpretation are questions of law for the court. *See Keller*, 778 F.2d at 715; *Fortson v. Colangelo*, 434 F.Supp.2d 1369, 1379 (S.D. Fla. 2006); *From*, 400 So.2d at 56-57.

In the instant matter, Plaintiff alleged that Mr. Gervasi's statements were made in connection with "Plaintiff's handling of Defendant's finances," to "third parties." Complaint at ¶¶ 10-11. However, Plaintiff failed to set forth a full description of the purported defamatory statements, including, the communications wherein Mr. Gervasi made the alleged defamatory statements. *See generally id.*; *see also Five for Ent. S.A.*, 877 F. Supp. 2d at 1328. A plain reading of the Complaint reveals that the purported defamatory statements were made in the context of how Mr. Gervasi believes Madhasudan handled Mr. Gervasi's financial accounts. As such, the alleged defamatory statements set forth in the Complaint are Mr. Gervasi's subjective assessment of Plaintiff's conduct while handling Mr. Gervasi's finances and are not readily capable of being proven true or false. *Wells*, 879 F.3d at 1264 (citing *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 697 (11th Cir. 2016)) (explaining difference between statements of opinion and statements of fact, noting that statements of fact are "readily capable of being proven true or false"). For the foregoing reasons, Plaintiff failed to state a claim for defamation and the cause of action must be dismissed.

### C. **Plaintiff Failed to State a Cause of Action Against Mr. Gervasi in the Alternative for Defamation *Per Se***

A claim for defamation *per se* may proceed under a theory of libel *per se* or slander *per se* depending on the facts of the case. *See generally Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890 (S.D.Fla Aug. 30, 2011). "As part of stating a claim for slander *per se* in Florida, a <u>plaintiff must establish that the slanderous statement made by the defendant is false</u>." *Henning v. Felty*, No. 615CV927ORL40DCI, 2017 WL 3405646, at *2 (M.D. Fla. Aug. 9, 2017) (citing *Bass v. Rivera*, 826 So. 2d 534, 535 (XX DCA 2002)) (emphasis added).

5

Slander is actionable *per se* "[] if it imputes to another (a) a criminal offense amounting to a felony, or (b) a presently existing venereal or other loathsome and communicable disease or (c) conduct, characteristics, or a condition incompatible with the proper exercise of his lawful business, trade, profession, or office, or (d) the other being a woman, acts unchaste[t]y." *Campbell v. Jacksonville Kennel Club, Inc.*, 66 So2d 495, 497 (Fla. 1953). "A written publication constitutes libel *per se* under Florida law if, when considered alone and without innuendo, it (1) charges that a person has committed an infamous crime; (2) tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (3) tends to injure one in his trade or profession." *Rubinson v. Rubinson*, 474 F. Supp. 3d 1270, 1274 (S.D. Fla. 2020) (quoting *Alan v. Wells Fargo Bank, N.A.*, 604 F. App'x 863, 865 (11th Cir. 2015)). In a libel *per se* action, a court should only consider the "four corners" of the publication, and the alleged defamatory statements should not be interpreted in the extreme, but as the "'common mind' would normally understand it." *Ortega Trujillo v. Banco Central Del Ecuador*, 17 F. Supp. 2d 1334, 1339 (S.D. Fla. 1998) (citation omitted) (emphasis added). "Where the court finds that a communication could not possibly have a defamatory or harmful effect, the court is justified in . . . dismissing the complaint for failure to state a cause of action." *Murray v. Pronto Installations, Inc.*, No. 8:20-CR-824-T-24AEP, 2020 WL 6728812, at *3 (M.D. Fla. Nov. 16, 2020) (quoting *Wolfson*, 273 So. 2d at 778 (citations omitted).

Here, Madhusudan alleged in a purely conclusory manner that Mr. Gervasi's alleged defamatory statements (without confirming whether these statements were written or oral) "subject Plaintiff to hatred, ridicule, distrust, contempt or disgrace" (libel *per se*) and "attribute to Plaintiff either conduct, characteristics, or conditions incompatible with proper exercise of his lawful business as an Investment Advisor" (slander *per se*). Complaint at ¶¶ 20, 22. The factually deficient Complaint, however, does not reference a written publication and improperly

6

requires this Court to make certain inferences to reach Plaintiff's conclusion that the statements are defamatory. *See Adams v. News-Journal Corp.*, 84 So.2d 549, 551 (Fla. 1955) (stating that statements should be considered alone without innuendo). When the statements are analyzed as the common mind would understand them, and considered alone and without innuendo, the alleged defamatory statements do not rise to the level of libel *per se* under the second theory. *See* Complaint at ¶ 12; *see also Aflalo v. Weiner*, No. 17-61923-CIV, 2018 WL 3235529, at *1 (S.D. Fla. July 2, 2018) ("Plaintiff has failed to convincingly plead that the Statement, or the circumstances surrounding it (*i.e.*, the parties involved, the medium chosen, the words used), engender the type of hatred, distrust, ridicule, contempt or disgrace that is required to succeed under this prong."). The alleged statements also do not give rise to slander *per se*. As set forth above, Mr. Gervasi's alleged statements are "statements that are not readily capable of being proven false," and therefore, not actionable. *See* supra, II(B)2; *see also Wells*, 879 F.3d at 1262.

### D. Plaintiff Failed to State a Cause of Action Against Mr. Gervasi in the Alternative for Defamation by Implication

Although Florida recognizes a cause of action for defamation by implication, "[d]efamation by implication arises, not from what is stated, but from what is implied when a defendant (1) juxtaposes a series of facts so as to imply a defamatory connection between them, or (2) creates a defamatory implication by omitting facts . . ." *Jews for Jesus, Inc.*, 997 So. 2d at 1106. "Defamation by implication is premised not on direct statements but on false suggestions, impressions and implications arising from otherwise <u>truthful</u> statements." *Id.* at 1107(citation and quotation omitted) (emphasis added). Whether a defendant's statements constitute defamation by implication is a question of law for the court to determine. *Wells*, 879 F.3d at 1269 (affirming dismissal where statements in defendant's report were insufficient to give rise to

7

a claim of defamation by implication under Florida law). In this matter, Plaintiff did not allege that Mr. Gervasi's statements were true but give rise to a false implication. In fact, Plaintiff's entire Complaint is premised on the notion that Mr. Gervasi's alleged statements are false. *See generally* Complaint. For this reason, Plaintiff's claim for defamation by implication must be dismissed. *See Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110, 1124 (S.D. Fla. 2021) ("The Court agrees that dismissal of Corsi's defamation by implication claims is warranted. The Complaint pleads only that Fairbanks' accusations were false—not that they were true and gave a false implication—which requires dismissal."); s*ee, e.g.*, *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1255 (S.D. Fla. 2014) (dismissing claim because "[a]t issue is a statement that may be defamatory because it is false, not a factually true one that creates a false impression.").

### III.     CONCLUSION

As fully stated above, Plaintiff has failed to adequately allege any causes of action against Mr. Gervasi. As such, this Court should dismiss Plaintiff's Complaint as to Defendants in its entirety with prejudice.

**WHEREFORE**, Defendant James Gervasi respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice, and grant any further relief that this Court deems just and proper.

**DATED:**  September 15, 2023
Coral Gables, Florida

                                Respectfully submitted,

                                */s/ Mark David Hunter*
                                Mark David Hunter, Esquire
                                Florida Bar No. 12995
                                Jenny Johnson-Sardella, Esquire
                                Florida Bar No. 67372
                                Hunter Taubman Fischer & Li LLC
                                2 Alhambra Plaza, Suite 650
                                Coral Gables, Florida 33134
                                Tel:    (305) 629-1180
                                Fax:    (305) 629-8099
                                E-mail: mhunter@htflawyers.com
                                            jsardella@htflawyers.com

## CERTIFICATE OF SERVICE

I, Mark David Hunter, do hereby certify that on September 15, 2023, a true and correct copy of the foregoing document was electronically filed and served.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing.  Parties may access this filing through the Court's CM/ECF System.

                                        */s/ Mark David Hunter*
                                        Mark David Hunter