UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-cv-23453-PCH

RAMESH MADHUSUDAN,

    *Plaintiff*,

v.

JAMES GERVASI,

    *Defendant*.

_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant James Gervasi's Motion to Dismiss Amended Complaint [ECF No. 13] ("Motion"), filed on October 25, 2023, in which he argues, among other things, that the Court lacks personal jurisdiction over him and therefore must dismiss the case. Plaintiff filed his Response in Opposition to the Motion [ECF No. 14] ("Response") on November 9, 2023, Defendant filed his Reply to the Response[1] [ECF No. 15] ("Reply") on November 16, 2023, and Plaintiff filed a Sur-Reply on Personal Jurisdiction [ECF No. 17] ("Sur-Reply") on November 22, 2023. Through his Response and Sur-Reply, Plaintiff argues that Defendant waived his lack-of-personal-jurisdiction defense by not raising it in his motion to dismiss the original complaint [ECF No. 1-1] ("Original Complaint"), and that, in any case, the Court does have personal jurisdiction over Defendant.

---

[1] Defendant argues in his Reply that the Court should grant the Motion because Plaintiff filed his Response one day after the Court's deadline. Reply at 3. While the Court does not take these infractions lightly, it finds that Defendant was not prejudiced by the one-day-late filing and will not be prejudiced by the Court considering the Response, and, therefore, exercises its discretion and considers the Response.

On December 6, 2023, the Court held a hearing on the Motion, during which it limited argument to the issues of: (a) whether Defendant waived his lack-of-personal-jurisdiction objection; (b) if he did not waive it, whether the Court has jurisdiction over Defendant; and (c) if the Court lacks personal jurisdiction over Defendant, whether it should transfer, rather than dismiss, the case.

Having carefully considered the parties' filings and argument at the hearing, the record, and the applicable law, and for the reasons discussed at the hearing and below, the Court **GRANTS** the Motion [ECF No. 13] and dismisses the case without prejudice for lack of personal jurisdiction.

## FACTS

In the Amended Complaint [ECF No. 12], Plaintiff alleges that Defendant is a citizen of Puerto Rico and that on March 18, 2023, after Plaintiff and Defendant were done with a telephone call and unbeknownst to Defendant, Plaintiff remained on the line and overheard Defendant make allegedly defamatory statements to individuals with whom Defendant was on a golf course. Am. Compl. ¶¶ 4, 15. While not specifying, the Amended Complaint implies that Defendant was in Puerto Rico during the call, and during the December 6, 2023 hearing, Plaintiff conceded that to be true and that the third parties to whom Defendant allegedly made the statements also were in Puerto Rico.

## LEGAL STANDARD

Motions to dismiss for lack of personal jurisdiction are governed by Fed. R. Civ. P. 12(b)(2). "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). "A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2)

2

not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Id.*

Typically, a party must raise the lack-of-personal-jurisdiction defense in its first Rule 12 motion or else it is waived. However, Rule 12(g)(2) makes clear that the defense is only waived if it "*was available* to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2) (emphasis added). In other words, if the "defense is initially unavailable or sufficient notice of [the] defense is withheld when a defendant files its initial pleading or motion, the defense is not waived." *In re Adler, Coleman Clearing Corp.*, No. 06-80157-CIV, 2008 WL 11411962, at *4 (S.D. Fla. Aug. 13, 2008).

## ANALYSIS

In opposing the Motion, Plaintiff argued that (a) Defendant waived the Rule 12(b)(2) defense by failing to assert it in his motion to dismiss the Original Complaint, and (b) even if Defendant didn't waive the defense, the Court has personal jurisdiction over Defendant. *See* Response at 2–3; Sur-Reply at 1–4. Both arguments fail.

*First*, Plaintiff's Original Complaint did not provide sufficient notice of the defense. In the Original Complaint, Plaintiff alleged that the "tortious acts against Plaintiff occurred in Miami Dade County." Original Compl. ¶ 4. After Defendant moved to dismiss the Original Complaint for failure to state a claim, Plaintiff requested and was granted leave to file the Amended Complaint. *See* [ECF Nos. 3, 9, 11]. The Amended Complaint, unlike the Original Complaint, omitted all allegations of *where* the alleged tortious acts occurred, and as a consequence, provided Defendant notice for the first time that the Court may not have personal jurisdiction over him. *See generally* Am. Compl. Defendant therefore did not waive the defense by not including it in his motion to dismiss the Original Complaint, because he only was placed on notice of the defense when Plaintiff filed the Amended Complaint. *See In re Adler*, 2008 WL 11411962, at *4.

3

*Second*, and turning to the substantive personal-jurisdiction analysis, Florida's long-arm statute provides two distinct categories of personal jurisdiction: (1) specific jurisdiction under Fla. Stat. § 48.193(1); and (2) general jurisdiction under Fla. Stat. § 48.193(2). Only specific jurisdiction is relevant here, and in pertinent part Florida's long-arm statute states:

> A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts: . . . 2. Committing a tortious act within this state.

Fla. Stat. § 49.193(1)(a)(2). An out-of-state defendant therefore submits him or herself to personal jurisdiction in Florida if he or she commits a tort in the state.

"Under Florida law, the tort of defamation is committed in the place where it is published." *Rautenberg v. Falz*, 193 So. 3d 924, 929–30 (Fla. 2d DCA 2016) (quoting *Casita, L.P. v. Maplewood Equity Partners L.P.*, 960 So.2d 854, 857 (Fla. 3d DCA 2007)). Thus, if the statements were made outside of Florida, the "party asserting jurisdiction in Florida over a nonresident defendant . . . must make a prima facie showing that the purported defamatory statements were not merely accessible to, but also '<u>accessed by a third party in Florida</u>.'" *Catalyst Pharms., Inc. v. Fullerton*, 748 F. App'x 944, 947 (11th Cir. 2018) (quotation *Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1215 (Fla. 2010) (emphasis in original)).

Here, the Amended Complaint does not allege that the defamatory statements were made in or published to anyone in Florida, and, therefore, it does not provide sufficient facts for the Court to exercise personal jurisdiction over Defendant. *Id.* Moreover, during the December 6, 2023 hearing, Plaintiff conceded that Defendant's alleged statements in the Amended Complaint were made in Puerto Rico and only to individuals there. The statements therefore were published in Puerto Rico, and the Court has no basis under Florida's long-arm statute to exercise personal jurisdiction over Defendant. *See Catalyst Pharms., Inc.*, 748 F. App'x at 947. And because the

Amended Complaint fails under Florida's long-arm statute, the Court need "not consider the minimum contacts aspect" under the Due Process Clause of the Fourteenth Amendment. *Rautenberg*, 193 So. 3d at 930.

Additionally, Plaintiff's argument that "personal jurisdiction over Defendant exists because Defendant's conduct has caused damages to Plaintiff in this Judicial District" doesn't carry the day for him either. Sur-Reply at 1. Florida's long-arm "statute's language 'necessarily focuses analysis not on where a plaintiff ultimately felt damages, but where a defendant's tortious conduct occurred.'" *Rautenberg*, 193 So. 3d at 930 (quoting *Metnick & Levy, P.A. v. Seuling,* 123 So.3d 639, 645 (Fla. 4th DCA 2013)).

*Lastly*, in his Sur-Reply, Plaintiff requested that rather than dismiss the case, the Court transfer it to the United States District Court for the District of Puerto Rico. Sur-Reply at 5. Under 28 U.S.C. § 1631, if a "court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice*, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631 (emphasis added). One situation that routinely warrants transfer "in the interest of justice" is when "there is a reasonable probability that the plaintiff's claim would be time-barred if it were renewed in another court." *Humana, Inc. v. St. Jude Med., LLC*, 19-CV-23119, 2020 WL 13369051, at *2 (S.D. Fla. Dec. 7, 2020).

During the December 6, 2023 hearing, Plaintiff provided no compelling argument as to why transfer, rather than dismissal, is appropriate. Moreover, Defendant waived any time-bar defense to Plaintiff's defamation claims in the event that Plaintiff renews his claims in another court. Given Defendant's waiver and the lack of compelling reason for why justice requires transfer rather than dismissal, the Court finds that dismissal is appropriate.

For the reasons explained above, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 13] is **GRANTED**. Plaintiff's Amended Complaint [ECF No. 12] is **DISMISSED** without prejudice and without leave to amend, and the Clerk of the Court is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, on December 8, 2023.

Paul C. Huck
United States District Judge

CC: All Counsel of Record